UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JD CHARLES MCMANUS,<br><br>           Plaintiff,<br><br>     v.<br><br>HENRY RICHARDS,<br><br>           Defendant. | Case No. C05-5564FDB<br><br>REPORT AND RECOMMENDATION<br><br>Noted for June 16, 2006 |

This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983. This matter comes before the court on defendants' motion to dismiss (Doc. 10), filed with the court on November 28, 2005. After providing plaintiff two extensions of time to file a response to the motion, on April 14, 2006, plaintiff filed a very short page and a half response. For reasons set forth below, the Court should grant defendants' motion and dismiss plaintiff's causes of action.

FACTUAL AND PROCEDURAL BACKGROUND

This action is one in a series of legal actions regarding the Special Commitment Center (SCC) which is a mental health facility for persons civilly committed as sexually violent predators. Plaintiff, J.D. Charles McManus, is a resident of the SCC.

On August 23, 2005, plaintiff filed a complaint with the court naming only one defendant, Dr. Henry Richards, who has been the Superintendent of the SCC since September 27, 2004. The Complaint, which appears to be a form complaint similar those filed by other residents, alleges several rights and violations, including, but not limited to the following: (i) not being allowed "trailer" or extended family

visits; (ii) prohibition from making purchased from unapproved vendors; (iii) deprivation of privileges (use of gym, restricted store purchases, limited hobby work) because of refusal to take part in treatment or "programming," and no procedural due process to challenge deprivations; (iv) inadequate medical staff and facilities; (v) inadequate telephone equipment and access to communication equipment (internet, computer, pagers, telephone, cellular phone); (vi) inadequate access to legal materials, legal assistance and access to the courts; (vii) inadequate kitchen, food preparation, dining, and gym bathroom facilities; and (viii) inadequate educational programs.

Defendants move to dismiss plaintiff's claims and causes of action based on the doctrine of res judicata, qualified immunity, failure to state a medical care claim, failure to state an Equal Protection claim, failure to state a Substantive Due Process claim, and/or the doctrine of collateral estoppel. Plaintiff responded to the motion by stating, in total, the following:

> There is no law library clerk or typewriters. I am untrained in the law. The case has merit. To say it doesn't is to say the dissolved Turay injunction of 11+ years was without merit.
> We have a new administration, new location, new rules, restrictions, and everything is going back to prison like conditions.
> The final ruling related to conditions of this complaint. See IOC report attached.

Plaintiff's "Appeal to Judge Order" (Doc. 16), filed April 14, 2006.

After reviewing the matter, the undersigned recommends granting defendants' motion to dismiss plaintiff's claims and causes of action.

## DISCUSSION

In reviewing a motion to dismiss under Fed. R. Civ. P. 12 (b)(6), a court may grant dismissal for failure to state a claim "if it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983) (*quoting* Conley v. Gibson, 355 U.S. 41, 45-46, (1957)). Dismissal under Fed - R. Civ. P. 12 (b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). A Plaintiff need not set out in detail the facts upon which he bases his claim. However, a Plaintiff must "set out sufficient factual matter to outline the elements of his cause of action or claim, proof of which is essential to his recovery." Benson v. Cady, 761 F.2d 335, 338 (7th Cir. 1985). Although complaints are to be liberally construed in the Plaintiff's favor, conclusory allegations of law, unsupported conclusions, and

unwarranted inferences need not be accepted as true. Id.  Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss. Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992) (*quoting* Ivey v. Board of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th.Cir. 1982)).

Plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981).  A § 1983 suit cannot be based on vicarious liability alone, but must allege the defendants' own conduct violated the plaintiff's civil rights. City of Canton v. Harris, 489 U.S. 378, 385-90 (1989).  A supervisor may be held liable only "if there exists either, (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between a supervisor's wrongful conduct and the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th cir. 1991), *cert. denied* 502 U.S. 1074 (1992).

Here, a review of the complaint reflects that for many of the alleged violations plaintiff has not made shown any specific set of facts involving how he was deprived on a certain occasion or specific instance.  Rather than providing specific allegations to support his claims, plaintiff merely makes vague and conclusory types of statements.  For instance, Mr. McManus raises a claim related to medical care and the SCC's ability to respond to residents that may suffer from a heart attack.  Plaintiff does not allege or show that he has suffered a heart attack or suffered any harm due to the SCC's alleged inadequate ability to provide any medical care.  Another example of plaintiff's lack of standing or his vague and conclusory claims is plaintiff's allegations concerning inadequate legal resources or ability to access the court.  Plaintiff makes this claim without showing any instance in which he has been denied the ability to access the court.  In his complaint he states he own and uses a computer and a computer printer.  Plaintiff has not shown how any defendant has personally denied him the ability to send or receive information related to legal proceedings.

Most glaring is plaintiff's failure to show how Dr. Richards, the only defendant named as a defendant, has personally participated in the alleged violations.  Plaintiff does not show how Dr. Richards personally (i) denied plaintiff the alleged right to an extended family visit, (ii) prohibited Mr. McManus from making purchasing an item from an unapproved vendor, (iii) deprived plaintiff the use of the gym,

store, hobby shop, because of plaintiff's failure to take part in treatment or program (iv) failed to provide plaintiff adequate medical care and treatment, (v) denied plaintiff the use of telephone or other communication equipment, (vi) interfered with plaintiff's ability to access to legal materials, legal assistance or the court, (vii) failed to provide a safe and sanitary kitchen, food, dining facility or bathroom facilities, or (viii) failed to allow plaintiff the opportunity to take part in sufficient educational programs.   Plaintiff's complaints against Dr. Richards  are based solely on his role as the Superintendent of SCC, and as stated above a § 1983 civil rights lawsuit cannot be based on vicarious liability alone, but must allege the defendants' own conduct violated the plaintiff's civil rights.

## CONCLUSION

Based on the foregoing discussion, the Court should grant defendants' motion to dismiss.  Plaintiff's claims are vague and conclusory.  Plaintiff has failed to respond appropriately to the issues raised in defendants' motion to dismiss.  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 16, 2006**, as noted in the caption.

Dated this 26th day of May, 2006.

*/s / J. Kelley Arnold*
J. Kelley Arnold
Magistrate Judge